1 | Victor A. Sahn (CA Bar No. 97299)
    *vsahn@sulmeyerlaw.com*
2 | Mark S. Horoupian (CA Bar No. 175373)
    *mhoroupian@sulmeyerlaw.com*
3 | **Sulmeyer**Kupetz
    A Professional Corporation
4 | 333 South Hope Street, Thirty-Fifth Floor
    Los Angeles, California 90071-1406
5 | Telephone: 213.626.2311
    Facsimile: 213.629.4520
6 |
7 | (Proposed) Attorneys for Majestic Towers, Inc.,
    Debtor and Debtor in Possession

8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11 |

12 | In re

13 | MAJESTIC TOWERS, INC.,

14 | a California Corporation,

15 |

16 | Debtor.

Case No. 2:11-bk-28407-BB

Chapter 11

**EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY OR HONOR PREPETITION EMPLOYEE BENEFIT AND RELATED CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**

**[OMNIBUS DECLARATION OF BARRY CAPLAN FILED CONCURRENTLY HEREWITH]**

**{11 U.S.C. § 507(a)(4)-(5) and Local Bankruptcy Rule 2081-1(a)(6)}**

**DATE:** [To Be Set]
**TIME:** [To Be Set]
**PLACE:** U.S. Bankruptcy Court
Courtroom 1475
255 E. Temple Street
Los Angeles, CA 90012

*Sidebar (vertical text):* SulmeyerKupetz, A Professional Corporation 333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR LOS ANGELES, CALIFORNIA 90071-1406 TEL 213.626.2311 • FAX 213.629.4520

MHOROUPIAN\ 716557.1

1  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE; THE CITY OF LOS ANGELES;**

3  **TRUE NORTH MEZZANINE INVESTMENT FUND SPE, LLC; THE TWENTY LARGEST**

4  **UNSECURED CREDITORS; AND OTHER INTERESTED PARTIES:**

5  <div align="center">**SUMMARY**</div>

6  Pursuant to Rules 2081-1(a) and 9075-1(a) of the Local Bankruptcy Rules of the

7  United States Bankruptcy Court for the Central District of California (the "Local Rules"),

8  11 U.S.C. §§ 105(a), 363 and 507(a)(4), Majestic Towers, Inc. (the "Debtor"), the debtor

9  and debtor in possession in the above captioned case, will and hereby does request

10  authority to pay or honor, in the ordinary course of business, the claims of its active

11  employees for benefits that accrued prior the date on which the Debtor filed its

12  bankruptcy petition (the "Prepetition Employee Claims"), to a maximum of $11,725.00 per

13  employee, and for the related relief set forth below. The total amount of the wages that

14  the Debtor seeks to pay for payroll due on April 29, 2011 is $135,288.76. No individual

15  employee will be paid more than the priority limit. None of the employees that the Debtor

16  seeks to pay are insiders of the Debtor.

17  The Debtor is the operator of a 385 room full service hotel known as the Wilshire

18  Hotel in the Koreatown area of Los Angeles (the "Hotel"). The Debtor operates the Hotel

19  under a Lease Agreement between the Debtor and the owner of the hotel. The owner of

20  the Hotel, 3515 Wilshire, LLC has also commenced a bankruptcy case concurrently

21  herewith.

22  This motion was necessitated, as was the entire bankruptcy filing, by the actions of

23  the City of Los Angeles (the "City"), who pursuant to a judgment entered against the

24  Debtor, has installed a keeper to collect rents. The City has swept approximately

25  $200,000 from the Debtor's accounts during the last few days, and has refused to

26  turnover any of these amounts to fund operational expenses of the Debtor. This has left

27  the Debtor with absolutely no ability to pay its employees or other essential operating

28  expenses. With its revenues choked off by the City, the Debtor had no choice but to seek

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  bankruptcy protection so that it continue to operate its business in the ordinary course,

2  while it explores its options of reorganization.

3      The Debtor makes payments to its employees pursuant to the following cash

4  management system:  The Debtor's merchant credit card account (the "Merchant

5  Account") is swept into the Debtor's operating account (the "Operating Account").  The

6  Debtor's payroll account (the "Payroll Account") from which ADP makes payroll, draws

7  from the Operating Account the exact amount of money necessary to fund the upcoming

8  payroll. By this Motion, the Debtor seeks authority to transfer the exact amount of funds

9  necessary to make its April 29, 2011 payroll to the Payroll Account.  The source of the

10  funds for the payroll will be the Debtor's operating revenue, which is the cash collateral of

11  its lender, True North (defined below).  As part of its separately filed Motion for authority

12  to use cash collateral, the Debtor has requested the authority to use cash collateral to

13  pay operating expenses.  The Debtor also requests that the Court order the keeper

14  installed by the City of Los Angeles to immediately release the funds it has on hand so

15  that the Debtor can meet these payroll obligations.

16      This motion is brought in accordance with Bankruptcy Code sections 105(a) and

17  507(a)(4)-(5), and is made on the ground that the authorization is necessary and

18  appropriate to enable the Debtor to continue its business operations without substantial

19  disruption and to thereby avoid jeopardizing the Debtor's reorganization efforts. The

20  Debtor believes that the failure to timely honor the Prepetition Employee Claims would

21  result in many employees becoming disgruntled, and may adversely affect their morale,

22  compromise the efficiency or quality of the Debtor's business and cause some

23  employees to discontinue work for the Debtor.  Experiencing any of the above scenarios

24  would negatively affect the Debtor's ability to keep its business operating and would

25  severely impair the Debtor's ability to reorganize.

26      Since the Debtor is often called upon and expected to pay/honor the benefits of its

27  employees on short notice, at any moment, only immediate relief can prevent

28  interruptions to the Debtor's business. Accordingly, the Debtor respectfully requests that

1   the Court consider the motion on an emergency basis pursuant to Local Bankruptcy

2   Rules 2081-1(a)(6) and 9075-1.  The hearing must be conducted prior to April 29, 2011,

3   which is the due date of the petition.

4        This Motion is based on the Memorandum of Points and Authorities, the

5   Declaration and the exhibit(s) attached hereto; all judicially noticeable facts; all other

6   admissible evidence properly before the Court; and any arguments and/or testimony to

7   be presented at the hearing on the Motion.

8        **WHEREFORE**, the Debtor respectfully request that the Court enter an order:

9             1.       Authorizing Debtor to pay or honor, in the ordinary course of

10   business, all outstanding Prepetition Employee Claims, but not to exceed $11,725.00 per

11   employee;

12            2.       Authorizing Debtor to issue replacement checks for any checks

13   representing payment of Prepetition Employee Claims that were not cashed or cleared

14   before the Petition Date;

15            3.       Authorizing Debtor to pay, in the ordinary course of business unpaid

16   local, state, and federal withholding and payroll-related taxes relating to Prepetition Date

17   periods, including all withholding taxes, Social Security taxes, and Medicare taxes, if any;

18   and

19            4.       Granting such other relief as the Court deems just and proper.

20

21   DATED:  April 28, 2011                    Respectfully submitted,

22                                             **Sulmeyer**Kupetz
                                               A Professional Corporation
23

24                                             By: _____

25                                             Victor A. Sahn
                                               Mark S. Horoupian
26                                             (Proposed) Attorneys for Majestic Towers,
                                               Inc., Debtor and Debtor in Possession
27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

MHOROUPIAN\ 716557.1                        4

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## BACKGROUND

**A.    Description of the Debtor's Business**

The Debtor is the operator of the 12-story Hotel, which has three subterranean parking levels.  The Hotel was built in 1965 upon a 1.25-acre site that is owned fee simple.  The Hotel is entitled for 400 hotel keys — the current configuration features 385 spacious guestrooms, including 10 suites.  The Hotel offers full-service amenities, including complimentary high-speed wireless internet access, a 24-hour business center, a gift shop, a comfortable lobby lounge and valet parking in a subterranean parking facility.  The Hotel has over 10,400 square feet of interior meeting and event space, including a 4,080-square-foot ballroom and a free-standing executive conference center. Dining facilities at the Hotel include a restaurant on the second level overlooking the pool terrace, a deli/coffee shop, and a lobby bar and lounge, as well as a vacant 3,600 square-foot lobby level restaurant space with prime frontage along Wilshire Boulevard and a separate entrance.  The Hotel features a 24-hour fitness center and an outdoor pool and sundeck.

There is an outstanding loan of approximately $26,500,000 due and owing to True North Mezzanine Investment Fund SPE, LLC ("True North"), which is secured by a first deed of trust against the Hotel.  The hotel operations are leased to the Debtor.  In November, 2009, the Debtor engaged Access Hotels & Resorts ("Access") to provide day to day management of the hotel operations. In or around April 2009, the ownership of the hotel was transferred to 3515 Wilshire, LLC, a Nevis limited liability company ("3515"). 3515 has also commenced a bankruptcy proceeding concurrently herewith.  The Debtor will seek to have 3515's bankruptcy case jointly administered with its case.

A more detailed discussion of the Debtor's operations, liabilities, and issues are contained in the Omnibus Declaration of Barry Caplan in support of this and the other

1  emergency motions filed by the Debtor.

2  **B.    The Debtor's Workforce**

3      The Debtor's workforce consists of both full and part-time employees.  Most

4  employees are paid on an hourly basis, though some are salaried.  As of the Petition

5  Date, the Debtor employed 143 employees (120 full-time employees and 23 part-time

6  employees), whose names, positions and wage/salary rates are listed in **Exhibit 1**

7  attached hereto.  None of these employees are "insiders" of the Debtor.

8      In addition to paying salary/wages to its employees, the Debtor also provides its

9  employees with a standard benefits package, including health insurance, dental

10 insurance, and paid time off (holidays, and vacations, etc. — the Debtor does not accrue

11 sick days).  The Debtor also reimburses employees for certain expenses incurred by the

12 employees in furtherance of the Debtor's business, such as expenses relating to travel,

13 meals on business trips, etc.

14 **C.    The Chapter 11 Filing And The Prepetition Wage And Benefit Claims Of**

15     **Debtor's Employees**

16     On April 28, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under

17 chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing

18 the instant bankruptcy case.  The Debtor continues to operate and manage its business

19 as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

20 Code.

21     As of the Petition Date, the total amount of the payroll due on April 29, 2011 is

22 $135,288.76, including withholding taxes.  This payroll covers the period of April 11, 2011

23 through April 24, 2011.  **Exhibit 1** lists the amount of wages owed to each employee for

24 the prepetition period.  The Debtor also has obligations for employee benefits that

25 accrued before the Petition Date, but which remain unpaid/unsatisfied as of the date, for

26 accrued vacation and paid time off ("PTO").  The total amount of the liability is

27 $139,080.21 for vacation pay, and $14,083.19 for PTO.  No employee has a claim in

28 excess of $11,725 for combined payroll and accrued time off benefits.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  The Debtor needs the continued services of the aforementioned employees to

2  operate its business and, by this Motion, the Debtor requests authority to pay/honor such

3  obligations in the ordinary course of its business, up to the amount of $11,725.00 per

4  employee.  Payment of such claims will not render the estate administratively insolvent.

5  <center>II.</center>

6  <center>**ARGUMENT**</center>

7  **A.    Legal Standard For Payment Of Prepetition Wages**

8  Pursuant to Bankruptcy Code section 105(a), "the court may issue any order,

9  process, or judgment that is necessary or appropriate to carry out the provisions of [the

10  Bankruptcy Code]." 11 U.S.C. § 105(a).  Under the "necessity of payment" doctrine, a

11  bankruptcy court has the "judicial power to authorize a debtor in a reorganization case to

12  pay prepetition claims where such payment is essential to the continued operation of the

13  debtor." In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989).  The

14  Third Circuit has described the doctrine as follows:

15  > [T]he 'necessity of payment' doctrine … permit[s] immediate
   > payment of claims of creditors where those creditors will not

16  > supply services or material essential to the conduct of the
   > business until their prereorganization claims shall have been

17  > paid.

18  In re Lehigh & New England Railway Co., 657 F.2d 570, 581 (quoting In re Penn Central

19  Transp. Co., 467 F.2d 100, 102, n.1 (3d Cir. 1972).  While the "necessity of payment"

20  doctrine originally developed in the context of railroad reorganizations under the

21  Bankruptcy Act, it has been applied to nonrailroad bankruptcies. See, e.g., In re Gulf Air,

22  Inc., 112 B.R. 152, 153 (W.D. La. 1989) (air carrier reorganization); In re Eagle-Picher

23  Indus., Inc., 124 B.R. 1021, 1023 (S.D. Ohio 1991) (automobile part manufacturer

24  reorganization, wherein the court stated "[T]o justify payment of a prepetition unsecured

25  creditor, debtor must show that the payment is necessary to avert a serious threat to the

26  chapter 11 process"); In re Ionosphere Clubs, Inc., 98 B.R. at 176 (an airline

27  reorganization case, wherein the court stated "The rationale for the 'necessity of

28  payment' rule, i.e., facilitating the continued operation and rehabilitation of the debtor in

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  railroad reorganization cases, is also a paramount goal of chapter 11"); <u>Dudley v. Mealey</u>,

2  147 F.2d 268 (2d Cir. 1945) (a hotel reorganization case), *cert. denied*, 325 U.S. 873, 65

3  S.Ct. 1415, 89 L.Ed 1991 (1945).  In <u>Dudley v. Mealey</u>, Judge Learned Hand, in applying

4  the necessity of payment doctrine, stated:

6          [L]et it [a hotel] once be shut down, and it will lose much of its
           value…. some priority to [the tradesmen supplying the hotel
7          prepetition] may be essential to preservation of the business
           during that period as it is later.

8  *Id.* at 271.

9          Under the circumstances of this case, the Court has the power to authorize the

10  payment of prepetition claims pursuant to the "necessity of payment" doctrine and 11

11  U.S.C. § 105(a).  *See* <u>In re Eagle-Picher Indus., Inc.</u>, 124 B.R. 1021 (S.D. Ohio 1991); <u>In</u>

12  <u>re Gulf Air, Inc.</u>, 112 B.R. 152 (W.D. La. 1989); <u>In re Ionosphere Clubs, Inc.</u>, 98 B.R. 174

13  (Bankr. S.D.N.Y. 1989).

14  **B.**   **The Prepetition Employee Claims Sought To Be Paid Are Entitled To Priority**

15          Section 507(a)(4) provides that claims for prepetition wages have priority as

16  follows:

17      (4)   Fourth, allowed unsecured claims, but only to the
             extent of $11,725 for each individual or corporation,
18             as the case may be, earned within 180 days before
             the date of the filing of the petition or the date of the
19             cessation of the debtor's business, whichever occurs
             first, for —

20
21      (A)   wages, salaries, or commissions, including
             vacation, severance and sick leave pay earned
22             by an individual;

23      (5)   Fifth, allowed unsecured claims for contributions to an
             employee benefit plan —
24
25      (A)   arising from services rendered within 180 days
             before the date of the filing of the petition or the
26             date of the cessation of the debtor's business,
             whichever occurs first; but only

27      (B)   for each such plan, to the extent of —

28          (i)    the number of employees covered by

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1          each such plan multiplied by $11,725;
           less

2

3     (ii)    the aggregate amount paid to such
               employees under paragraph (4) of this
               subsection, plus the aggregate amount
4              paid by the estate on behalf of such
               employees to any other employee
5              benefit plan.

6  11 U.S.C. § 507(a)(4)-(5) (2010).

7          Payroll taxes are also entitled to priority treatment.  The priority includes the so-

8  called "trust fund taxes," that is, withheld income taxes and the employee's share of

9  social security taxes.  *See* 4 Collier on Bankruptcy, ¶ 507.10[3][c], p. 507-72 (15 Ed. Rev.

10  2001).

11

12         With respect to wages earned before the petition but actually
           paid by the trustee [Debtor in possession] after the title 11
           case commenced, taxes required to be withheld receives the
13         same priority as the wages themselves.   Thus, the
           employees' share of taxes on third priority wages also
14         receives third priority.

15  S. Rep. No. 95-989, 95th Cong., 2d Sess., 71-72 (1982).

16         Trust fund taxes are given fourth priority if the underlying wages receive fourth

17  priority.  They are part of the wage claims and, therefore, are entitled to a fourth priority,

18  although the government is paid rather than the employee.  No express provision is

19  contained in section 507 to that effect, because it is unnecessary.  Bankruptcy Code

20  section 346(f) requires that a debtor in possession withhold from any payment of claims

21  for wages in the amount required to be withheld or collected under applicable state or

22  local tax law and pay it to the appropriate governmental unit, with the same priority as the

23  claim from which such amount was withheld.  The employer's portion of the employment

24  tax and the employer's portion of the social security tax on fourth priority compensation

25  are included in the eighth priority category for taxes.

26  C.     **Sufficient Evidence Has Been Provided To Grant The Relief Requested**

27         Local Bankruptcy Rule 2081-1(b)(2)(f) provides that motions to pay prepetition and

28  to honor prepetition employment procedures must be supported with evidence that

establishes:

       (i)     The employees are still employed;

       (ii)    The necessity of payment;

       (iii)   The benefit of the procedures;

       (iv)   The prospect for reorganization;

       (v)    Whether employees are insiders;

       (vi)   Whether the employees claims are within the limits established by 11 U.S.C. § 507; and that

       (vii)  The payment will not render the estate administratively insolvent.

The foregoing factors are discussed individually below:

    5.    <u>The Employees Are Still Employed</u>. As set forth in the Omnibus Declaration of Barry Caplan (the "Caplan Declaration") attached hereto, all of the employees that the Debtor seeks to pay (as listed on **Exhibit 1**) are currently employed. (Two employees listed on **Exhibit 1** are no longer employed by the Debtor, but the Debtor does not seek to pay them any monies, or assume any obligations to them)

    6.    <u>The Necessity Of Payment</u>.  As set forth in the Caplan Declaration, the Debtor believes that significantly all of its employees will quit if they are not paid their wages, salaries, and benefits in a timely manner.  Additionally, if the employees quite, the Debtor's business operations will suffer and the preservation of the value of the estate will be impaired.

The next pay period for the Debtor's employees covers April 11, 2011 through April 24, 2011 (the "Prepetition Period").  The payroll for the Prepetition Period is due to April 29, 2011.  The total gross amount of the payroll, including withholding taxes is $135,288.78.  A schedule listing the gross payroll due to be paid to these employees is attached hereto as **Exhibit 1**.

The Debtor must retain its current employees to continue its business operations and preserve and maximize the value of its assets during this case.  In order for a hotel to operate it needs bellman, reservationists, front desk attendants, housekeeping, room

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

service waiters, restaurant staff, maintenance, bookkeeping, managers, and security staff among others. Simply put, with these employees, a hotel cannot continue to operate. The Debtor's personnel are familiar with the Wilshire Hotel and its operations, and thus, are essential to the preservation of the going concern value of the hotel. The Debtor's failure to pay prepetition wages, salaries, commissions and bonuses to its employees and to honor the employee's right to use accrued vacation and leave benefits will likely result in severe disruption to the operations of the Hotel, to the detriment of the creditors of the estate. The Debtor's ability to preserve the estate depends upon continued, and uninterrupted operations, which cannot occur without the efforts of its workforce.

1.    The Benefit Of The Procedures.  In order to attract and retain employees, the Debtor maintains what it believes to be reasonable and competitive vacation and leave benefits policies. The Debtor believes that maintaining good relationships with, and the morale of, the employees requires continuing to honor vacation and leave policies now in place.

2.    The Prospects For Reorganization.  The Debtor believes that, through this Chapter 11 case, it will be able to address its financial issues and pursue an effective financial restructuring strategy, which may involve restructuring plan(s), or a sale of the hotel. The Debtor has received several offers from parties who are at advanced stages of diligence who are interested in purchasing the hotel at prices which significantly exceed the secured debt owed against the Hotel to True North.

3.    Whether The Employees Are Insiders.  None of the employees that are subject to this motion are "insiders" as that term is defined by the Bankruptcy Code.

4.    Whether The Employees' Claims Are Within The Limits Established By 11 U.S.C. § 507.  As set forth in the Caplan Declaration, all of the employees' claims are within the $11,725 limit established by 11 U.S.C. § 507(a)(4), even with the addition of federal and state withholding taxes, payroll taxes and service fees. Nowithstanding the foregoing, the Motion expressly provides that no employees shall receive in value over $11,725 on account of prepetition priority claims for wages, salaries, or vacation and

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 · FAX 213.629.4520

1  leave benefits.

2       5.    <u>The Payment Will Not Render The Estate Administratively Insolvent</u>.

3  The Debtor asserts that secured lenders are adequately protected, as explained more

4  fully in the Debtor's motion for use of cash collateral filed concurrently herewith.  The

5  value of the Hotel Property exceeds the amount of the secured claims against the Hotel

6  Property.  In addition, as explained above, the Debtor has offers to purchase the Hotel

7  Property, at prices which exceed the  secured claims.  As set forth in the Caplan

8  declaration, the Debtor projects that once it regains access to its receipts, it will be able to

9  operate on a cash flow positive basis, such that accrual of administrative liabilities will not

10  be a concern.

11  **D.**    <u>**The Relief Requested Is Limited**</u>

12      The Debtor believes that there are no outstanding prepetition wage or salary

13  claims (such as payroll), and that the outstanding claims relate solely to accrued paid

14  time off (*i.e.,* holidays, vacations, etc.).  Consequently, Debtor does not seek to pay

15  prepetition wages and salaries through this Motion.  Further, the Debtor does not seek to

16  honor or pay out any more than the priority amount of $11,725.00 per employee.

17      In addition, honoring the accrued paid time off would not require the Debtor to

18  make an immediate monetary payout of the amounts accrued.  Generally, employees are

19  not to be paid for such accrued amounts until the Debtor uses the vacation or holidays, or

20  unless and until the employee is terminated or quits.  However, the Debtor only requests

21  authority to honor the prepetition employee benefits of those employees who are still

22  employed by the Debtor, and not the benefits of those employees who are terminated or

23  quit.  The Debtor will not pay, at this time, any Prepetition Employee Claims held by

24  employees who are terminated or quit.  If the employee is terminated or quits, the

25  amounts of his/her Prepetition Employee Claim would instead be dealt with in the

26  Debtor's plan of reorganization.  The Debtor would pay claims relating to paid time off

27  only in the ordinary course of its business as such time is utilized by its active employees.

28                     **III.**

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

1.      Authorizing Debtor to pay or honor, in the ordinary course of business, all outstanding Prepetition Employee Claims, but not to exceed $11,725.00 per employee;

2.      Authorizing Debtor to issue replacement checks for any checks representing payment of Prepetition Employee Claims that were not cashed or cleared before the Petition Date;

3.      Authorizing Debtor to pay, in the ordinary course of business unpaid local, state, and federal withholding and payroll-related taxes relating to Prepetition Date periods, including all withholding taxes, Social Security taxes, and Medicare taxes, if any; and

4.      Granting such other relief as the Court deems just and proper.

DATED:  April 28, 2011                          Respectfully submitted,

                                                **Sulmeyer**Kupetz
                                                A Professional Corporation


                                                By: _____
                                                    Victor A. Sahn
                                                    Mark S. Horoupian
                                                    (Proposed) Attorneys for Majestic Towers,
                                                    Inc., Debtor and Debtor in Possession

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1

## The Wilshire Hotel Los Angeles

### Employee Roster

| Name | Rate | Hire Date | Job Title | Status | 4/29 Payroll |
|---|---|---|---|---|---|
| Abidin, Zainal | 8.00 | 02/10/1999 | Lobby Server | F/T | 514.00 |
| Abrajano, Johanna | 1153.85 | 03/23/2011 | Front Desk Supervisor | F/T | 928.45 |
| Alas, Maria | 9.50 | 03/19/2007 | Room Attendant | F/T | 627.59 |
| Alvidera, Jennifer | 12.00 | 02/22/2008 | Night Auditor | F/T | 1,131.70 |
| Angeles, Micaela | 9.50 | 08/18/2008 | Room Attendant | Part Time | 172.55 |
| Anguiano, Javier | 8.00 | 06/01/1992 | Lobby Server | F/T | 504.15 |
| Aragon, Jesus | 9.50 | 01/10/2008 | House Attendant | F/T | 602.79 |
| Arana, Oscar E. | 9.50 | 03/30/2011 | House Attendant | F/T | 283.17 |
| Arevalo, Sara | 9.50 | 12/31/1991 | Room Attendant | F/T | 634.56 |
| Arroyo, Edgar | 23.51 | 06/17/2008 | Engineer | F/T | 1,544.72 |
| Barraza, Ana M. | 9.50 | 03/30/2011 | Room Attendant | Part Time | 435.37 |
| Berrios, Ana | 9.50 | 05/25/1992 | Room Attendant | F/T | 637.31 |
| Birchall, Paul | 5384.62 | 04/06/2010 | General Manager | F/T | 3,468.75 |
| Cabrera, Brenda M. | 9.50 | 06/20/1996 | Room Attendant | F/T | |
| Calderon, Jose M | 8.00 | 06/23/2005 | Banquet Housemen | Part Time | 298.08 |
| Calderon, Ofelia | 9.50 | 02/14/2003 | Room Attendant | F/T | 696.94 |
| Calvillo, Cesario | 9.50 | 04/10/1992 | House Attendant | F/T | 684.69 |
| Camberos, Enrique | 10.25 | 12/01/1992 | Cook | F/T | 756.65 |
| Campos, Felicita | 9.50 | 04/14/1992 | Room Attendant | F/T | 673.15 |
| Campos, Griselda | 9.50 | 12/31/1991 | Room Attendant | F/T | 592.22 |
| Campos, Jose L | 8.00 | 12/31/1991 | Food Server | F/T | 883.06 |
| Carrillo, Maria | 9.50 | 12/31/1991 | Room Attendant | F/T | 658.33 |
| Castro, Mauricio | 9.50 | 07/14/2008 | House Attendant | F/T | 673.15 |
| Ceballos, Guillermo | 8.00 | 01/29/1994 | Banquet Housemen | Part Time | 968.46 |
| Chang, Alison Yungkun | 1269.23 | 09/12/2007 | Reservation Supervisor | F/T | 1,036.82 |
| Chiscul, Jenny | 9.50 | 02/24/2007 | Room Attendant | Part Time | 294.14 |
| Choi, Jasmine S. | 10.00 | 03/14/2011 | Front Desk Agent | F/T | 373.71 |
| Choi, Young | 1538.47 | 11/15/2007 | F & B Manager | F/T | 1,317.76 |
| Chulo, Balmore | 8.00 | 09/29/1992 | Busser | F/T | |
| Cruz, Silvia L. | 9.50 | 08/14/2002 | Room Attendant | F/T | 598.99 |
| Custodio, Yolanda | 9.50 | 07/15/2008 | Room Attendant | F/T | |
| De Leon, Consuelo | 9.50 | 08/03/1998 | Room Attendant | F/T | 682.71 |
| Dela Cruz, Gina | 12.00 | 03/05/2008 | Night Auditor | F/T | 889.75 |
| Deleon, Adelita E. | 9.50 | 04/19/1997 | Room Attendant | F/T | 637.31 |
| Diaz, Angel | 23.01 | 06/16/2008 | Engineer | F/T | 1,390.92 |
| Elescano, Yanet | 9.50 | 01/10/2008 | Room Attendant | F/T | |
| Elpern, Douglas C. | 3653.85 | 02/22/2010 | Controller | F/T | 2,697.38 |
| Figueroa, Jonathan | 10.00 | 07/15/2008 | Front Desk Agent | F/T | 698.08 |
| Flores, Johan-Rufino | 8.00 | 09/03/2010 | Busser | F/T | 89.43 |
| Flores, Marleny | 9.50 | 03/31/2011 | Room Attendant | F/T | 734.68 |
| Gamez, Pedro | 23.01 | 05/02/2008 | Engineer | F/T | 1,591.35 |
| Gamez, Roberto A. | 8.00 | 02/22/1992 | Banquet Server | Part Time | 1,293.31 |
| Garcia, Bertha Gil | 9.50 | 11/20/2007 | Room Attendant | F/T | 399.51 |
| Garza, Nora | 9.50 | 06/30/2008 | Room Attendant | F/T | |
| Garza, Ramiro | 9.50 | 04/29/2008 | House Attendant | F/T | 561.93 |
| Godinez, Ramon | 9.50 | 12/31/1991 | House Attendant | F/T | 690.78 |
| Gomez, Elias | 8.00 | 06/25/2008 | Dishwasher | F/T | 705.15 |
| Gomez, Susana | 10.00 | 06/16/2010 | Front Desk Agent | Part Time | 396.81 |
| Gonzalez, Heriberto | 9.50 | 12/31/1991 | House Attendant | F/T | 611.78 |
| Gonzalez, Jaziel | 8.00 | 07/16/2008 | Dishwasher | F/T | |
| Gonzalez, Juan F. | 8.00 | 07/26/2004 | Lobby Barback | F/T | |
| Gonzalez, Maria | 9.50 | 02/20/2007 | Room Attendant | F/T | 622.61 |
| Guardado, Juan J. | 10.25 | 04/29/2004 | Cook | F/T | 758.10 |
| Guardado, Walter | 10.25 | 11/30/2010 | Cook | F/T | |
| Guidos, Blanca | 9.50 | 04/17/2008 | Room Attendant | F/T | 662.83 |
| Guillen, Luisa | 13.00 | 07/28/1997 | Housekeeping Manager | F/T | 885.96 |
| Guzman, Irma | 9.50 | 07/15/2010 | Room Attendant | F/T | 673.15 |
| Han, Sung Soo | 2307.69 | 05/14/2007 | Catering Manager | F/T | 1,843.99 |

**14**

| Name | Rate | Date | Position | Status | Amount |
|---|---|---|---|---|---|
| Hernandez, Abel | 10.25 | 01/10/2008 | Cook | F/T | 406.99 |
| Hernandez, Renato | 8.00 | 04/04/1992 | Banquet Housemen | Part Time | 241.26 |
| Hernandez, Sara | 9.50 | 02/19/2007 | Room Attendant | F/T | 539.63 |
| Hurtarte, Jairon | 8.00 | 07/16/2008 | Dishwasher | F/T | 476.92 |
| Ilagan, Henry | 8.00 | 11/19/2007 | Bellman | F/T | 425.70 |
| Iniguez, David | 12.50 | 07/30/2005 | Housekeeping Supervisor | F/T | 790.62 |
| Interiano, Jorge | 8.00 | 05/27/2005 | Food & Berverage Attendant | F/T | 559.85 |
| Jerez, Horsi | 8.00 | 08/22/2008 | Room Service Server | Part Time | 374.60 |
| Jimenez, Antonio | 8.00 | 12/31/1991 | Dishwasher | F/T | 591.00 |
| Jimenez, Benjamin B. | 14.65 | 01/18/2010 | Payroll / Cashier | F/T | 1,097.20 |
| Khan, Yvonne | 1153.85 | 06/14/2010 | Front Desk Supervisor | F/T | 806.11 |
| Lee, Angela S. | 923.08 | 10/18/2010 | Group Sales Manager | F/T | 758.26 |
| Loayza, Esther | 9.50 | 05/12/2008 | Room Attendant | F/T | 593.16 |
| Lopez, Noelia E. | 10.25 | 12/31/1991 | Cafeteria Attendant | F/T | 721.72 |
| Lopez, Rosa Alba | 9.50 | 05/23/2008 | Room Attendant | F/T | 696.94 |
| Lucas, Josephine S. | 8.00 | 12/31/1991 | F&B Cashier | F/T | 377.10 |
| Magtoto, Leonard | 8.00 | 08/05/1995 | Banquet Server | Part Time | 294.91 |
| Martinez, Magdali | 9.50 | 06/16/2005 | Room Attendant | F/T | 637.31 |
| Martinez, Marissa | 10.00 | 07/30/2008 | Front Desk Agent | F/T | 939.79 |
| Martinez, Natividad Mercedes | 9.50 | 12/31/1991 | Room Attendant | F/T | 678.91 |
| Martinez, Teresa | 9.50 | 02/28/1997 | Room Attendant | F/T | |
| Melendez, Jose | 8.00 | 03/21/2011 | Bellman | Part Time | 411.74 |
| Mendez, Irma | 9.50 | 12/31/1991 | Room Attendant | Part Time | 406.08 |
| Mendoza, Isidro | 10.25 | 05/07/2005 | Cook | F/T | 529.66 |
| Merino, Jose Manuel | 10.25 | 11/13/2007 | Cook | F/T | 687.44 |
| Meza, Salvador | 8.00 | 11/21/1992 | Banquet Server | Part Time | 241.50 |
| Mijango, Edgardo | 8.00 | 10/04/2000 | Food & Berverage Attendant | F/T | 581.66 |
| Montes, Manuel E | 8.00 | 12/31/1991 | Food & Berverage Attendant | F/T | 402.42 |
| Montoya, Ubaldo | 8.00 | 09/11/2008 | Dishwasher | F/T | 476.58 |
| Morales, Aristeo | 8.00 | 11/18/2010 | Banquet Housemen | Part Time | 287.88 |
| Morales, Douglas | 8.00 | 12/31/1991 | Dishwasher | F/T | 665.10 |
| Morales, Primo M. | 10.25 | 11/05/1993 | Cook | F/T | 740.67 |
| Morales, Valentina | 9.50 | 07/14/1994 | Room Attendant | F/T | |
| Negrete, Ramon | 23.56 | 08/18/2008 | Engineer | F/T | 1,598.44 |
| Newman, Jerome N. | 10.00 | 02/10/2011 | Reservationist | F/T | 679.08 |
| Niihara, Yoichi J. | 1923.08 | 03/28/2011 | Sales & Marketing | F/T | 1,620.15 |
| Nishimoto, Todd H. | 2384.62 | 11/15/2010 | Executive Chef | F/T | 1,583.28 |
| Obermeit, Lisa | 8.00 | 02/04/2011 | Lobby Server | Part Time | 364.07 |
| Ojeda-Mariscal, Estela | 9.50 | 06/02/2010 | Room Attendant | F/T | |
| Olmedo, Oscar | 8.00 | 12/01/1992 | Dishwasher | F/T | 546.17 |
| Ortega, Sandra | 9.50 | 02/03/2005 | Room Attendant | F/T | 707.94 |
| Ortiz, Veronica | 1846.16 | 01/14/2011 | Sales & Marketing | F/T | 1,467.78 |
| Osorio, Evelyn Yesenia | 8.00 | 08/01/2008 | Food Server | Part Time | 461.07 |
| Palacios, Antonio | 29.32 | 08/12/2002 | Engineer Supervisor | F/T | 2,118.88 |
| Park, Yoon | 1230.77 | 07/30/2008 | Accounts Receivable | F/T | 983.78 |
| Parker, James | 3076.93 | 01/05/2011 | Director of Sales & Marketing | F/T | 2,102.47 |
| Perez, Eva | 9.50 | 06/18/2008 | Room Attendant | F/T | 707.94 |
| Perez, Francisco | 8.00 | 12/31/1991 | Busser | Part Time | 480.65 |
| Perez, Martha | 9.50 | 07/15/2010 | Room Attendant | F/T | 463.25 |
| Quintanilla, Jose | 8.00 | 04/14/1992 | Banquet Server | Part Time | 332.94 |
| Reyes, Cristiann | 23.01 | 08/04/2008 | Engineer | F/T | 1,370.94 |
| Reyes, Jose I. | 23.58 | 05/05/2010 | Engineer | F/T | 1,563.22 |
| Reyes, Marco A. | 10.00 | 03/16/2011 | Front Desk Agent | separated | |
| Rivas, Marta L. | 9.50 | 06/17/2007 | Room Attendant | F/T | 637.31 |
| Rivera, Rodolfo Martell | 9.50 | 12/31/1991 | House Attendant | F/T | 690.78 |
| Rodas, Rodolfo | 10.25 | 12/31/1991 | Cook | F/T | 724.84 |
| Rodriguez, Keith | 1461.54 | 03/17/2006 | Housekeeping Manager | F/T | 1,251.61 |
| Rosales, Osiris | 8.00 | 05/08/2007 | Dishwasher | F/T | 568.70 |
| Ruiz, Antonio | 8.00 | 01/10/2008 | Bellman | F/T | 368.74 |
| Salansang, Merian | 8.00 | 09/07/2000 | Food & Berverage Attendant | F/T | 540.11 |
| Salazar, Gladys | 9.50 | 06/30/2008 | Room Attendant | F/T | 495.56 |
| Salazar, Lester | 8.00 | 07/13/2006 | Room Service Server | F/T | 472.97 |
| Samonte, Norberto | 9.50 | 01/10/2008 | House Attendant | F/T | 705.01 |

| Name | | Date | Position | Status | Amount |
|---|---|---|---|---|---|
| Sanchez, Lineth | 9.50 | 01/16/1992 | Room Attendant | F/T | 678.92 |
| Sandoval, Elias D | 10.25 | 12/31/1991 | Cook | F/T | 703.31 |
| Sandoval, Rosa | 9.50 | 05/30/1997 | Room Attendant | F/T | 682.71 |
| Santos, Reynaldo F. | 8.00 | 12/31/1991 | Bellman | F/T | 360.48 |
| Seo, Hyong Hwa | 1615.38 | 10/22/2007 | Catering Manager | F/T | 1,367.70 |
| Serrano, Susana R. | 9.50 | 12/31/1991 | Room Attendant | F/T | 654.74 |
| Shumate, Tiffany D. | 1192.31 | 12/02/2010 | Front Desk Supervisor | F/T | 958.47 |
| Silva, Martha P. | 9.50 | 03/25/2011 | Room Attendant | F/T | 492.13 |
| Simbulan, Esperanza | 8.00 | 12/31/1991 | F&B Cashier | Part Time | 354.08 |
| Smith, Karuba L. | 10.25 | 05/15/2010 | Cook | Part Time | |
| Song, Emmy | 10.25 | 11/12/2010 | Cook | Part Time | 316.26 |
| Soriano, Rita | 9.50 | 07/20/2001 | Room Attendant | F/T | 554.07 |
| Soulisak, Tharathip | 10.00 | 12/02/2010 | Front Desk Agent | F/T | 501.54 |
| Syahesti, Rita | 9.50 | 08/09/2010 | Room Attendant | F/T | 539.57 |
| Ta, Huu | 10.00 | 02/07/2011 | Front Desk Agent | separated | 173.57 |
| Valle, Natalia | 9.50 | 08/01/1995 | Room Attendant | F/T | |
| Vasquez, Francisco | 9.50 | 01/10/2008 | House Attendant | F/T | 682.71 |
| Velez, Shakira | 2884.62 | 03/17/2010 | Human Resources Director | F/T | 1,851.32 |
| Villanueva, Domingo | 8.00 | 02/22/1992 | Banquet Server | Part Time | 1,048.60 |
| Villatoro-Melendez, David | 10.25 | 05/28/2010 | Cook | Part Time | 79.97 |
| Williams, Branden | 10.00 | 03/05/2008 | Front Desk Agent | F/T | 685.93 |
| Williams, Derek | 10.00 | 06/17/2010 | Front Desk Agent | F/T | 736.74 |
| Yu, Ailee | 11.00 | 09/23/2010 | Catering Coordinator | F/T | 733.61 |
| Zimmer, Andrea T. | 3076.93 | 05/10/2010 | Director of Revenue | F/T | 2,142.20 |
| | | | Taxes | | 34,434.96 |
| | | | | | |
| | | | Full Time Count: | 120 | |
| | | | Part Time Count: | 23 | |
| | | | Total: | 143 | 135,288.76 |

The Wilshire Hotel - Los Angeles

*Vacation and P.T.O.*

| Employee Name | Job Title | Hire Date | Hourly Rate | Total Hours Earned | Hours Available | Vac Liability | PTO Liability |
|---|---|---|---|---|---|---|---|
| Abidin, Zainal | Lobby Bartender | 02/10/99 | 8.00 | 506.99 | 146.99 | 1,175.91 | 64.00 |
| Abrajano, Johanna | Front Office Asst Manager | 03/23/11 | 14.42 | 1.00 | 1.00 | 14.42 | 115.36 |
| Alas, Maria | Room Attendant | 03/19/07 | 9.50 | 217.21 | 21.21 | 201.51 | 76.00 |
| Alvidera, Jennifer | Night Auditor | 02/22/08 | 12.00 | 207.13 | 47.13 | 565.57 | 96.00 |
| Angeles, Micaela | Room Attendant | 08/18/08 | 9.50 | 21.56 | 21.56 | 204.82 | 76.00 |
| Anguiano, Javier | Lobby Server | 06/01/92 | 8.00 | 467.02 | 119.02 | 952.14 | 64.00 |
| Aragon, Jesus | House Attendant | 01/10/08 | 9.50 | 206.57 | 13.58 | 129.03 | 76.00 |
| Arana, Oscar E. | House Attendant | 03/30/11 | 9.50 | 0.15 | 0.15 | 1.46 | 76.00 |
| Arevalo, Sara | Room Attendant | 12/31/91 | 9.50 | 649.02 | 5.02 | 47.65 | 76.00 |
| Arroyo, Edgar | Engineer | 06/17/08 | 23.51 | 212.04 | 108.04 | 2,540.01 | 188.08 |
| Barraza, Ana M. | Room Attendant | 03/30/11 | 9.50 | 0.14 | 0.14 | 1.37 | 76.00 |
| Berrios, Ana | Room Attendant | 05/25/92 | 9.50 | 652.54 | 61.54 | 584.64 | 76.00 |
| Birchall, Paul | General Manager | 04/06/10 | 66.85 | 46.54 | 46.54 | 3,111.14 | 534.81 |
| Cabrera, Brenda M. | Room Attendant | 06/20/96 | 9.50 | 594.51 | 0.01 | 0.09 | 76.00 |
| Calderon, Jose M | Banquet Housemen | 06/23/05 | 8.00 | 354.06 | 74.06 | 592.44 | 64.00 |
| Calderon, Ofelia | Room Attendant | 02/14/03 | 9.50 | 464.99 | 266.99 | 2,536.39 | 76.00 |
| Calvillo, Cesario | House Attendant | 04/10/92 | 9.50 | 660.60 | 20.60 | 195.74 | 76.00 |
| Camberos, Enrique | Cook | 12/01/92 | 10.25 | 651.94 | 43.94 | 450.35 | 82.00 |
| Campos, Felicita | Room Attendant | 04/14/92 | 9.50 | 656.27 | 115.27 | 1,095.07 | 76.00 |
| Campos, Griselda | Room Attendant | 12/31/91 | 9.50 | 586.22 | 42.22 | 401.08 | 76.00 |

| Campos, Jose L | Terrace Server | 12/31/91 | 8.00 | 683.76 | 315.76 | 2,526.12 | 64.00 |
|---|---|---|---|---|---|---|---|
| Carrillo, Maria | Room Attendant | 12/31/91 | 9.50 | 595.34 | 187.34 | 1,779.70 | 76.00 |
| Castro, Mauricio | House Attendant | 07/14/08 | 9.50 | 24.08 | (57.66) | (547.80) | 76.00 |
| Ceballos, Guillermo | Banquet Housemen | 01/29/94 | 8.00 | 597.18 | 69.18 | 553.47 | 64.00 |
| Chang, Alison Yungkun | Reservation Supervisor | 09/12/07 | 15.87 | 216.75 | 40.75 | 646.59 | 126.92 |
| Chiscul, Jenny | Room Attendant | 02/24/07 | 9.50 | 141.52 | 42.74 | 406.04 | 76.00 |
| Choi, Jasmine S. | Front Desk Agent | 03/14/11 | 10.00 | 1.26 | 1.26 | 12.60 | 80.00 |
| Choi, Young | F & B Manager | 11/15/07 | 19.23 | 197.26 | 53.26 | 1,024.17 | 153.85 |
| Chulo, Balmore | Terrace Busser | 09/29/92 | 8.00 | 501.40 | 45.40 | 363.21 | 64.00 |
| Cruz, Silvia L. | Room Attendant | 08/14/02 | 9.50 | 459.79 | 2.79 | 26.53 | 76.00 |
| Custodio, Yolanda | Room Attendant | 07/15/08 | 9.50 | 51.20 | 3.20 | 30.42 | 76.00 |
| De Leon, Consuelo | Room Attendant | 08/03/98 | 9.50 | 624.98 | 472.98 | 4,493.35 | 76.00 |
| Dela Cruz, Gina | Night Auditor | 03/05/08 | 12.00 | 191.34 | 135.34 | 1,624.13 | 96.00 |
| Deleon, Adelita E. | Room Attendant | 04/19/97 | 9.50 | 622.67 | 422.67 | 4,015.36 | 76.00 |
| Diaz, Angel | Engineer | 06/16/08 | 23.01 | 211.24 | 99.24 | 2,283.55 | 184.08 |
| Elescano, Yanet | Laundry Attendant | 01/10/08 | 9.50 | 148.41 | 12.41 | 117.93 | 76.00 |
| Elpern, Douglas C. | Controller | 02/22/10 | 45.67 | 53.19 | 53.19 | 2,429.29 | 365.36 |
| Figueroa, Jonathan | Front Desk Agent | 07/15/08 | 10.00 | 152.85 | 10.24 | 102.43 | 80.00 |
| Flores, Johan-Rufino | Terrace Busser | 09/03/10 | 8.00 | 12.27 | 12.27 | 98.13 | 64.00 |
| Flores, Marleny | Room Attendant | 03/31/11 | 9.50 | 0.12 | 0.12 | 1.10 | 76.00 |
| Gamez, Pedro | Engineer | 05/02/08 | 23.01 | 219.25 | 139.25 | 3,204.09 | 184.08 |
| Gamez, Roberto A. | Banquet Server | 02/22/92 | 8.00 | 753.24 | 153.24 | 2,961.24 | 64.00 |
| Garcia, Bertha Gil | Room Attendant | 11/20/07 | 9.50 | 144.66 | 32.66 | 310.29 | 76.00 |

| Garza, Nora | Room Attendant | 06/30/08 | 9.50 | 38.57 | 0.57 | 5.46 | 76.00 |
|---|---|---|---|---|---|---|---|
| Garza, Ramiro | House Attendant | 04/29/08 | 9.50 | 101.68 | 10.78 | 102.45 | 76.00 |
| Godinez, Ramon | House Attendant | 12/31/91 | 9.50 | 699.69 | 51.69 | 491.06 | 76.00 |
| Gomez, Elias | Dishwasher | 06/25/08 | 8.00 | 175.22 | 119.22 | 953.79 | 64.00 |
| Gomez, Susana | Front Desk Agent | 06/16/10 | 10.00 | 23.59 | 7.59 | 75.91 | 80.00 |
| Gonzalez, Heriberto | House Attendant | 12/31/91 | 9.50 | 687.34 | 167.34 | 1,589.75 | 76.00 |
| Gonzalez, Jaziel | Dishwasher | 07/16/08 | 8.00 | 146.15 | 138.15 | 1,105.23 | 64.00 |
| Gonzalez, Juan F. | Lobby Barback | 07/26/04 | 8.00 | 78.03 | 53.03 | 424.23 | 64.00 |
| Gonzalez, Maria | Room Attendant | 02/20/07 | 9.50 | 270.12 | 25.31 | 240.47 | 76.00 |
| Guardado, Juan J. | Cook | 04/29/04 | 10.25 | 470.62 | 38.62 | 395.81 | 82.00 |
| Guardado, Walter | Cook | 11/30/10 | 10.25 | 1.88 | 1.88 | 19.22 | 82.00 |
| Guidos, Blanca | Room Attendant | 04/17/08 | 9.50 | 119.54 | 23.54 | 223.63 | 76.00 |
| Guillen, Luisa | Housekeeping Supervisor | 07/28/97 | 13.00 | 650.51 | 138.51 | 1,800.67 | 104.00 |
| Guzman, Irma | Room Attendant | 07/15/10 | 9.50 | 21.54 | 21.54 | 204.66 | 76.00 |
| Han, Sung Soo | Catering Coordinator | 05/14/07 | 28.85 | 226.51 | 138.51 | 3,995.55 | 230.77 |
| Hernandez, Abel | Cook | 01/10/08 | 10.25 | 128.99 | 48.99 | 502.15 | 82.00 |
| Hernandez, Renato | Banquet Housemen | 04/04/92 | 8.00 | 583.18 | 131.06 | 1,048.51 | 64.00 |
| Hernandez, Sara | Room Attendant | 02/19/07 | 9.50 | 201.73 | 23.01 | 218.58 | 76.00 |
| Hurtarte, Jairon | Dishwasher | 07/16/08 | 8.00 | 146.45 | 122.45 | 979.62 | 64.00 |
| Ilagan, Henry | Bellman | 11/19/07 | 8.00 | 194.55 | 154.55 | 1,236.42 | 64.00 |
| Iniguez, David | Housekeeping Supervisor | 07/30/05 | 12.50 | 391.77 | 215.77 | 2,697.12 | 100.00 |
| Interiano, Jorge | Deli Attendant | 05/27/05 | 8.00 | 388.44 | 268.44 | 2,147.49 | 64.00 |
| Jerez, Horsi | Room Service Server | 08/22/08 | 8.00 | 64.55 | 36.55 | 292.41 | 64.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Jimenez, Antonio | Dishwasher | 12/31/91 | 8.00 | 645.32 | 325.32 | 2,602.53 | 64.00 |
| Jimenez, Benjamin B. | Payroll / AP / Cashier | 01/18/10 | 14.65 | 59.65 | 26.65 | 390.48 | 117.20 |
| Khan, Yvonne | Front Desk Agent | 06/14/10 | 14.42 | 34.45 | 26.45 | 381.46 | 115.39 |
| Lee, Angela S. | Sales Coordinator | 10/18/10 | 11.54 | 21.63 | 21.63 | 249.55 | 92.31 |
| Loayza, Esther | Room Attendant | 05/12/08 | 9.50 | 132.03 | 13.71 | 130.28 | 76.00 |
| Lopez, Noelia E. | Cafeteria Attendant | 12/31/91 | 10.25 | 702.66 | 214.66 | 2,200.27 | 82.00 |
| Lopez, Rosa Alba | Room Attendant | 05/23/08 | 9.50 | 118.99 | 19.44 | 184.71 | 76.00 |
| Lucas, Josephine S. | Terrace Cashier | 12/31/91 | 8.00 | 558.33 | 118.33 | 946.63 | 64.00 |
| Magtoto, Leonard | Banquet Server | 08/05/95 | 8.00 | 153.24 | 33.24 | 135.14 | 64.00 |
| Martinez, Magdali | Room Attendant | 06/16/05 | 9.50 | 289.04 | 185.04 | 1,757.86 | 76.00 |
| Martinez, Marissa | Front Desk Agent | 07/30/08 | 10.00 | 107.32 | 27.32 | 273.17 | 80.00 |
| Martinez, Natividad Mercedes | Room Attendant | 12/31/91 | 9.50 | 674.93 | 154.93 | 1,471.79 | 76.00 |
| Martinez, Teresa | Room Attendant | 02/28/97 | 9.50 | 521.17 | 167.33 | 1,589.60 | 76.00 |
| Melendez, Jose | Bellman | 03/21/11 | 8.00 | 0.87 | 0.87 | 6.94 | 64.00 |
| Mendez, Irma | Room Attendant | 12/31/91 | 9.50 | 459.89 | (363.22) | (3,450.60) | 76.00 |
| Mendoza, Isidro | Cook | 05/07/05 | 10.25 | 306.66 | 42.66 | 437.25 | 82.00 |
| Merino, Jose Manuel | Cook | 11/13/07 | 10.25 | 195.15 | 155.15 | 1,590.29 | 82.00 |
| Meza, Salvador | Banquet Server | 11/21/92 | 8.00 | 433.24 | 59.24 | 637.43 | 64.00 |
| Mijango, Edgardo | Deli Attendant | 10/04/00 | 8.00 | 502.33 | 86.33 | 690.62 | 64.00 |
| Montes, Manuel E | Terrace Server | 12/31/91 | 8.00 | 629.03 | 125.03 | 1,000.22 | 64.00 |
| Montoya, Ubaldo | Dishwasher | 09/11/08 | 8.00 | 77.36 | 11.36 | 90.88 | 64.00 |
| Morales, Aristeo | Banquet Server | 11/18/10 | 8.00 | - | - | - | 64.00 |
| Morales, Douglas | Dishwasher | 12/31/91 | 8.00 | 719.52 | 287.52 | 2,300.13 | 64.00 |

20

| Name | Position | Date | Rate | Amount1 | Amount2 | Amount3 | Amount4 |
|---|---|---|---|---|---|---|---|
| Morales, Primo M. | Cook | 11/05/93 | 10.25 | 520.40 | 112.40 | 1,152.08 | 82.00 |
| Morales, Valentina | Room Attendant | 07/14/94 | 9.50 | 560.16 | 217.16 | 2,063.00 | 76.00 |
| Negrete, Ramon | Engineer | 08/18/08 | 23.56 | 199.28 | 111.28 | 2,621.83 | 188.48 |
| Newman, Jerome N. | Reservations Agent | 02/10/11 | 10.00 | 4.81 | 4.81 | 48.14 | 80.00 |
| Niihara, Yoichi J. | Sales Manager | 03/28/11 | 24.04 | 0.38 | 0.38 | 9.25 | 192.31 |
| Nishimoto, Todd H. | Executive Chef | 11/15/10 | 29.81 | 12.89 | 12.89 | 384.29 | 238.46 |
| Obermeit, Lisa | Lobby Bartender | 02/04/11 | 8.00 | 2.36 | 2.36 | 18.89 | 64.00 |
| Ojeda-Mariscal, Estela | Room Attendant | 06/02/10 | 9.50 | 21.54 | 21.54 | 204.59 | 76.00 |
| Olmedo, Oscar | Dishwasher | 12/01/92 | 8.00 | 674.32 | (5.68) | (45.45) | 64.00 |
| Ortega, Sandra | Room Attendant | 02/03/05 | 9.50 | 328.63 | 24.63 | 234.02 | 76.00 |
| Ortiz, Veronica | Sales Manager | 01/14/11 | 23.08 | 9.38 | 9.38 | 216.57 | 184.62 |
| Osorio, Evelyn Yesenia | Food Server | 08/01/08 | 8.00 | 83.58 | 3.58 | 28.65 | 64.00 |
| Palacios, Antonio | Engineer | 08/12/02 | 29.32 | 579.87 | 435.87 | 12,779.68 | 234.56 |
| Park, Yoon | Accounts Receivable | 07/30/08 | 15.38 | 152.62 | 32.62 | 501.79 | 123.08 |
| Parker, James | Director of Sales | 01/05/11 | 38.46 | 9.85 | 9.85 | 378.70 | 307.69 |
| Perez, Eva | Room Attendant | 06/18/08 | 9.50 | 111.15 | 19.15 | 181.94 | 76.00 |
| Perez, Francisco | Terrace Busser | 12/31/91 | 8.00 | 394.66 | 170.66 | 1,365.28 | 64.00 |
| Perez, Martha | Room Attendant | 07/15/10 | 9.50 | 18.11 | 18.11 | 172.01 | 76.00 |
| Quintanilla, Jose | Banquet Server | 04/14/92 | 8.00 | 753.24 | 705.24 | 7,545.96 | 64.00 |
| Reyes, Cristiann | Engineer | 08/04/08 | 23.01 | 196.63 | 36.63 | 842.84 | 184.08 |
| Reyes, Jose I. | Engineer | 05/05/10 | 23.58 | 73.31 | 73.31 | 1,728.72 | 188.64 |
| Reyes, Marco A. | Front Desk Agent | 03/16/11 | 10.00 | 0.74 | 0.74 | 7.38 | 80.00 |
| Rivas, Marta L. | Room Attendant | 06/17/07 | 9.50 | 145.26 | 9.93 | 94.34 | 76.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Rivera, Rodolfo Martell | House Attendant | 12/31/91 | 9.50 | 704.01 | 88.01 | 836.14 | 76.00 |
| Rodas, Rodolfo | Cook | 12/31/91 | 10.25 | 624.29 | 264.29 | 2,709.00 | 82.00 |
| Rodriguez, Keith | Executive Housekeeper | 03/17/06 | 18.27 | 312.12 | 112.12 | 2,048.34 | 146.15 |
| Rosales, Osiris | Dishwasher | 05/08/07 | 8.00 | 257.74 | 89.74 | 717.88 | 64.00 |
| Ruiz, Antonio | Bellman | 01/10/08 | 8.00 | 160.15 | 40.15 | 321.19 | 64.00 |
| Salansang, Merian | Deli Attendant | 09/07/00 | 8.00 | 585.93 | 225.93 | 1,807.46 | 64.00 |
| Salazar, Gladys | Room Attendant | 06/30/08 | 9.50 | 68.34 | (15.66) | (148.80) | 76.00 |
| Salazar, Lester | Room Service Server | 07/13/06 | 8.00 | 280.54 | 69.09 | 552.75 | 64.00 |
| Samonte, Norberto | House Attendant | 01/10/08 | 9.50 | 199.93 | 83.93 | 797.31 | 76.00 |
| Sanchez, Lineth | Room Attendant | 01/16/92 | 9.50 | 668.54 | 84.54 | 803.09 | 76.00 |
| Sandoval, Elias D | Cook | 12/31/91 | 10.25 | 712.40 | 136.40 | 1,398.13 | 82.00 |
| Sandoval, Rosa | Room Attendant | 05/30/97 | 9.50 | 606.53 | 222.53 | 2,114.03 | 76.00 |
| Santos, Reynaldo F. | Bellman | 12/31/91 | 8.00 | 482.33 | (21.67) | (173.36) | 64.00 |
| Seo, Hyong Hwa | Catering Manager | 10/22/07 | 20.19 | 213.08 | 165.08 | 3,333.27 | 161.54 |
| Serrano, Susana R. | Room Attendant | 12/31/91 | 9.50 | 615.27 | (144.73) | (1,374.92) | 76.00 |
| Shumate, Tiffany D. | Front Office Asst Manager | 12/02/10 | 14.90 | 12.53 | 12.53 | 186.71 | 119.23 |
| Silva, Martha P. | Room Attendant | 05/30/97 | 9.50 | 3.40 | 3.40 | 32.34 | 76.00 |
| Simbulan, Esperanza | Terrace Cashier | 12/31/91 | 8.00 | 337.12 | 2.01 | 16.04 | 64.00 |
| Smith, Karuba L. | Cook | 05/15/10 | 10.25 | 10.37 | 10.37 | 106.29 | 82.00 |
| Song, Emmy | Cook | 11/12/10 | 10.25 | 4.02 | 4.02 | 41.23 | 82.00 |
| Soriano, Rita | Room Attendant | 07/20/01 | 9.50 | 442.72 | 65.50 | 622.23 | 76.00 |
| Soulisak, Tharathip | Front Desk Agent | 12/02/10 | 10.00 | 10.27 | 10.27 | 102.72 | 80.00 |
| Syahesti, Rita | Room Attendant | 08/09/10 | 9.50 | 12.83 | 12.83 | 121.91 | 76.00 |

| Name | Title | Date | | | | | |
|---|---|---|---|---|---|---|---|
| Ta, Huu | Front Desk Agent | 02/07/11 | 10.00 | 2.04 | 2.04 | 20.44 | 80.00 |
| Valle, Natalia | Room Attendant | 08/01/95 | 9.50 | 542.02 | 54.02 | 513.15 | 76.00 |
| Vasquez, Francisco | House Attendant | 01/10/08 | 9.50 | 208.44 | 120.44 | 1,144.20 | 76.00 |
| Velez, Shakira | Human Resources Director | 03/17/10 | 36.06 | 51.45 | 51.45 | 1,855.28 | 288.46 |
| Villanueva, Domingo | Banquet Server | 02/22/92 | 8.00 | 753.24 | 193.24 | 2,989.90 | 64.00 |
| Villatoro-Melendez, David | Cook | 05/28/10 | 10.25 | 10.22 | 10.22 | 104.77 | 82.00 |
| Williams, Branden | Front Desk Agent | 03/05/08 | 10.00 | 141.04 | 141.04 | 1,410.44 | 80.00 |
| Williams, Derek | Front Desk Agent | 06/17/10 | 10.00 | 31.32 | 31.32 | 313.19 | 80.00 |
| Yu, Ailee | Sales Admin | 09/23/10 | 11.00 | 13.86 | 13.86 | 152.51 | 88.00 |
| Zimmer, Andrea T. | Front Office Manager / Dir of Revenue | 05/10/10 | 38.46 | 37.47 | 37.47 | 1,441.25 | 307.69 |
| | | | | | | 139,080.21 | 14,083.19 |

23